# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

ERIC ROSS SWINK, ADC # 161772                                                                      PLAINTIFF

v.                                          3:15CV00405-KGB-JJV

BLAIN KAGGLE, Jailer,
Greene County Jail                                                                                 DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court<br>
Eastern District of Arkansas<br>
600 West Capitol Avenue, Suite A149<br>
Little Rock, AR 72201-3325

### DISPOSITION

Eric Ross Swink ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges Defendant Blain Kaggle violated his rights by making a disparaging comment about his sexuality on December 14, 2015.[1] (*Id*. at 4.) Plaintiff now seeks damages for discrimination and sexual harassment. After review of his Complaint, I find he has failed to state any claim upon which relief may be granted.[2]

I take Plaintiff's allegations seriously and, if true, they indicate a disturbing and reprehensible lack of professionalism on the part of Defendant Kaggle. Nevertheless, the Eighth Circuit Court of Appeals has held that verbal sexual harassment alone, "absent contact or touching", does not give rise to an Eighth Amendment violation. *Howard v. Everett*, 2000 U.S. App. LEXIS 3685 (8th Cir. 2000) (unpublished opinion). Here, Plaintiff makes no allegation that Kaggle's harassment went beyond the derogatory comment and gesture. (Doc. No. 2 at 4.) To the extent he seeks to bring a claim under the equal protection clause based solely on Kaggle's alleged remark, that claim also

---

[1]Kaggle allegedly insinuated Plaintiff could perform oral sex on his cell mate. (Doc. No. 2 at 4.) Kaggle then purportedly pointed at his own crotch area and laughed. (*Id*.)

[2]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

fails. *See McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) ("Verbal threats and name calling usually are not actionable under § 1983."); *See also DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000)("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."); *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999) ("We hold today that an officer's use of a racial epithet, without harassment or some other conduct that deprives the victim of established rights, does not amount to an equal protection violation.").

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 4th day of January, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."